GRIMES, Judge.
Appellant was convicted of sexual battery primarily upon the testimony of the victim. He now contends that the court should not have admitted her identification testimony because it was based upon an impermissibly suggestive photopak.
The fact that appellant's picture consisted of a mug shot with a notation which indicated that he had previously been charged with sexual battery lends credence to appellant’s argument of suggestiveness. However, appellant neither objected to the evidence relating to the photopak nor moved to suppress the victim’s identification as tainted by the photopak. In short, there is no judicial ruling to which appellant can point as error.
Appellant argues that the photopak was so prejudicial that we should reverse on grounds of “fundamental error.” We need not reach the question of whether an allegedly tainted identification can constitute fundamental error because we are convinced that appellant’s attorney knowingly elected not to make the appropriate objections at the trial level. Apparently, he reasoned that because the victim had an ample opportunity to view the perpetrator during the commission of the crime, he would be unable to exclude the victim’s in-court testimony. See Neil v. Biggers, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972). Under the circumstances, he must have felt it advisable to allow the photopak to be introduced into evidence so that he would be in a position to argue that the in-court identification resulted from the suggestive photo-pak.
The record supports this analysis. Appellant’s attorney affirmatively withdrew his objection to the admission of the photopak. He then extensively cross-examined the officer who prepared the photopak concerning its deficiencies. Finally, in closing argument, he hammered on the point that the *657 victim’s eyewitness identification was obviously the product of what he termed a “neon light-type of photopak.”
Appellant cannot have it both ways. His counsel made a legitimate tactical decision. That it failed to accomplish its desired objective does not entitle appellant to a second chance.
AFFIRMED.
BOARDMAN, A. C. J., and CAMPBELL, J., concur.